**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **CECILIA UBEMBE ASHIBEL,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-2590-R** |
| | ) | |
| **FRED FIGUEROA, et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

**REPORT AND RECOMMENDATION**

Petitioner Cecilia Ubembe Ashibel, a noncitizen proceeding pro se[1], filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. Doc. 1. United States District Judge David L. Russell referred this matter to the undersigned Magistrate Judge for proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). Doc. 5. Respondents filed a response to the petition, Doc. 9, and Petitioner filed a reply. Doc. 10. So, the matter is at issue.

For the reasons below, the undersigned recommends that the Court DENY the petition without prejudice to refiling.

## I. Factual background and Petitioner's claims.

[1] This Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)). This Court construes "[a] pro se litigant's pleadings . . . liberally," holding them "to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Petitioner is a citizen of Nigeria who entered the United States on August 11, 2021. Doc. 9, at 2. She had a nonimmigrant F1 student visa, which provided authorization to remain in the United States until March 5, 2025. *Id.* On March 25, 2026, Immigration and Customs Enforcement took her into custody. *Id.* On May 12, 2026, an Immigration Judge (IJ) denied her application for withholding of removal and ordered Petitioner removed. *Id.* Petitioner's appeal remains pending. *Id.*

Petitioner requested a custody redetermination hearing, which she received on August 4, 2026. Doc. 9, Ex. 5, at 1. An Immigration Judge determined that Petitioner was a flight risk. *Id.*

Petitioner alleges (1) she is being held beyond a statutorily reasonable and necessary time to determine and effect her removal; and (2) that she poses neither a danger nor a flight risk. Doc. 1, at 6. She seeks her immediate release. *Id.* at 7. She states she has no criminal history and regularly volunteers in her community. *Id.* at 6. She received a master's degree from East Tennessee State University and has a U.S. sponsor and a permanent place to live. Doc. 1, Ex. 4, at 8-9, 19.

## II. Standard of review.

An application for a writ of habeas corpus "is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Habeas corpus relief is warranted only if the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

## III. Analysis.

### A. Petitioner's due process challenges fail at this juncture.

As an initial matter, § 1226 governs Petitioner's detention. An IJ entered an order of removal against her that is not administratively final because her appeal remains pending before the Board of Immigration Appeals (BIA). Therefore, § 1226 governs her detention. 8 C.F.R. § 1241.1(a) (removal order not administratively final until appeal is completed); 8 U.S.C. § 1226 (providing for detention "pending a decision on whether the [non-citizen] is to be removed from the United States.").

Petitioner received a bond hearing on August 4, 2026. Doc. 9, at 2. Petitioner's due process challenge contests only the length of time she has been

detained. Doc. 1, at 6. To the extent Petitioner asserts that § 1226(a) imposes a six-month limit on detention or requires periodic bond hearings at six-month intervals, that argument is foreclosed by *Jennings v. Rodriguez*, 583 U.S. 281 (2018). That statutory conclusion does not itself resolve an as-applied constitutional challenge to continued detention.

Respondents argue that Petitioner asserts no cognizable substantive or procedural due process claim in part because her detention is temporary. Doc. 9, at 6-7. At this point, the Court agrees that *Zadvydas*, which held that indefinite, prolonged detention under 8 U.S.C. § 1231 *after* a removal order becomes administratively final can violate a noncitizen's Fifth Amendment due process rights, does not apply because Petitioner's removal order is not final. 533 U.S. at 699-701.

But the Court also finds that indefinite, prolonged detention under § 1226(a) can violate a noncitizen's Fifth Amendment due process rights. Petitioner may not be "punished" by indefinite detention without being accorded the substantive and procedural due process guarantees of the Fifth Amendment. *Rodriguez-Fernandez v. Wilkinson*, 654 F.2d 1382, 1387 (10th Cir. 1981).

In *Soberanes v. Comfort*, 388 F.3d 1305 (10th Cir. 2004), the Tenth Circuit recognized that a decision regarding the petitioner's appeal of a

removal order to the Ninth Circuit was "impending." 388 F.3d at 1311. The Tenth Circuit then expressly stated that "we have no occasion to express any opinion on whether subsequent delay in that court might warrant remedial action under *Zadvydas*" and affirmed the denial of the petition without prejudice, recognizing that "circumstances may ultimately change." *Id.*

*Soberanes* reserved whether additional delay in the pending judicial-review proceedings might warrant relief. *Id.* It therefore does not establish that all detention pending review is immune from constitutional challenge, but neither does it establish a fixed constitutional limit applicable here.[2]

Indeed, were the Court to adopt Respondents' position, they could detain a petitioner for life simply by refusing to act on a petitioner's appeal of a removal order. That cannot be the law, and the Court rejects this position. *See*

---

[2] The Department of Justice recently stated that after the Attorney General reduced the BIA's size by nearly one half in early 2025, there has been an "unprecedented B[IA] caseload." Appellate Procedures for the Board of Immigration Appeals, 91 Fed. Reg. 5267, 5270 (Feb. 6, 2026). Indeed, "between fiscal year 2015 and the end of fiscal year 2025, the B[IA]'s pending case load increased more than five-fold—from 37,285 pending appeals to 202,946 pending appeals," leaving the BIA "at a point where, even were it to have additional resources and better management, . . . it would not be able to keep up with incoming filings while tackling the backlog in any meaningful way." *Id.* (citing Executive Office of Immigration Review (EOIR), Adjudication Statistics: All Appeals Filed, Completed, and Pending (Nov. 18, 2025), https://www.justice.gov/eoir/media/1344986/dl?inline [https://perma.cc/88C5-MU4N]). Thus, "the B[IA] largely functions now as simply a vessel for further delay of the eventual resolution of [a noncitizen's] case." *Id.* at 5271.

*Segura Serrano v. Scott*, Case No. 2:26-cv-01268-LK, 2026 WL 1674357, at *4 (W.D. Wash. May 26, 2026) ("[P]rocedural mechanisms for challenging the illegality of detention are 'reduced to a sham if . . . courts do not act within a reasonable time.'") (quoting *Yong v. I.N.S.*, 208 F.3d 1116, 1120 (9th Cir. 2000)).

Here, Petitioner's appeal has been pending since June 2026 and she has been detained since March 2026. Doc. 1, at 4-5. As of now, the Court does not find a due process violation.[3] Petitioner may seek relief should "circumstances [] change." *Soberanes*, 388 F.3d at 1311.

**B. Petitioner has already received a bond hearing and does not challenge its adequacy.**

When a noncitizen like Petitioner is detained under § 1226(a) "the Attorney General may exercise his discretion to either detain or release an alien on bond or conditional parole." *Mwangi v. Terry*, 465 F. App'x 784, 786

---

[3] That said, Respondents are entirely in control of this process. As stated previously, the Court declines any suggestion that Respondents may use that control to detain noncitizens indefinitely, particularly without any showing or evidence that removal proceedings, including the BIA appeal process, proceeds in a timely and orderly fashion. Should Respondents be concerned that noncitizens potentially subject to removal cannot be detained during the entirety of those proceedings, that is a concern entirely of Respondents' own making and within their ability to address.

(10th Cir. 2012). "But the Attorney General's exercise of discretion is not subject to judicial review." *Id.*

Petitioner disputes the IJ's flight-risk determination but identifies no procedural defect or erroneous legal standard in the bond proceeding. Doc. 9, at 9; Doc. 1, at 6.

"In the context of an immigration bond hearing, district courts have jurisdiction to review [an IJ's] discretionary bond denial only 'where that bond denial is challenged as legally erroneous or unconstitutional.'" *Diaz-Calderon v. Barr*, 535 F. Supp. 3d 669, 675 (E.D. Mich. 2020) (quoting *Lopez Reyes v. Bonnar,* 362 F. Supp. 3d 762 (N.D. Cal. 2019)). "To be sure, '[d]ue process is not satisfied by rubberstamp denials [of bond].'" *Kumar v. De Anda-Ybarra*, No. CIV-26-164-R, 2026 WL 753944, at *2 (W.D. Okla. Mar. 17, 2026) (quoting *Chi Thon Ngo v. I.N.S.,* 192 F.3d 390, 398 (3d Cir. 1999)). But "a district court sitting in habeas . . . review[ing] due process challenges to immigration bond hearings must proceed carefully, as it 'has no authority to encroach upon an IJ's discretionary weighing of the evidence.'" *Diaz-Calderon,* 535 F. Supp. 3d at 675 (quoting *Arrellano v. Sessions,* 2019 WL 3387210, at *7 (W.D.N.Y. 2019)).

To the extent Petitioner asks this Court to substitute its assessment of flight risk for the IJ's discretionary assessment, § 1226(e) bars that review. The

undersigned recommends the Court deny Petitioner habeas relief at this time, without prejudice to refiling, as she has received an individualized custody determination.

## V. Recommendation and notice of right to object.

For the reasons above, the undersigned recommends the Court deny Petitioner's habeas petition without prejudice to refiling to challenge the length of her detention under § 1226, Doc. 1.

The undersigned advises the parties of their right to file an objection to this Report and Recommendation with the Clerk of this Court by December 9, 2026, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. The undersigned further advises the parties that failure to make timely objections to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). This Report and Recommendation disposes of the issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** this 18th day of November, 2026.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE